ERNEST BADARACCO, SR. and ROSE BADARACCO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent, ERNEST BADARACCO, JR. and BARBARA BADARACCO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Badaracco v. Commissioner
Docket Nos. 1700-78, 1701-78
United States Tax Court
T.C. Memo 1981-404; 1981 Tax Ct. Memo LEXIS 341; 42 T.C.M. (CCH) 573; T.C.M. (RIA) 81404; August 5, 1981. John J. O'Toole, for the petitioners. Robert B. Marino, for the respondent. PARKER MEMORANDUM OPINION PARKER, Judge: Respondent determined the following deficiencies in Federal income taxes and additions to the tax in these consolidated cases: Ernest Badaracco, Sr. and Rose Badaracco - Docket No. 1700-78
Deficiencies in
Additions to the Tax
Year
Income Tax [1]
Sec. 6653(b) [2]
1964
$ 21,072.39
$ 10,536.20
1965
0
9,226.74
1966
0
9,998.11
1967
0
19,912.45
1968
0
24,916.43
1969
0
27,175.44
*342 Ernest Badaracco, Jr. and Barbara Badaracco - Docket No. 1701-78
Deficiencies in
Additions to the Tax
Year
Income Tax
Sec. 6653(b)
1964
$ 20,331.07
$ 10,165.54
1965
0
8,775.99
1966
0
9,071.82
1967
0
18,969.97
1968
0
23,304.95
1969
0
24,503.43
The petitioners in each docket have conceded the deficiency in income tax for the taxable year 1964, and each petitioner-husband has conceded the addition to the tax pursuant to section 6653(b) for the taxable year 1964. For the taxable years 1965 through 1969, petitioners later filed nonfraudulent amended returns and paid the tax due thereon. Only the additions to the tax pursuant to section 6653(b) remain in dispute for those years. The *343 only issue for decision is whether the filing of nonfraudulent amended returns, subsequent to having filed fraudulent returns, entitled petitioners to the three-year statute of limitations in section 6501(a) so as to bar the assessment and collection of the additions to tax for fraud for the years 1965 through 1969. Most of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. Other findings are based upon admissions in the pleadings and petitioners' responses to respondent's request for admissions. Petitioners Ernest Badaracco, Sr. and Rose Badaracco (hereinafter Ernest, Sr.), petitioners in Docket No. 1700-78, resided in Hoboken, New Jersey, at the time they filed their petition in this case. Petitioners Ernest Badaracco, Jr. and Barbara Badaracco (hereinafter Ernest, Jr.), petitioners in Docket No. 1701-78, resided in Fort Lee, New Jersey, at the time they filed their petition in this case. Ernest, Sr. and Ernest, Jr. are father and son. During the years in issue, they were equal partners in Badaracco Brothers and Company, an electrical contractor. All of the petitioners filed original joint Federal income *344 tax returns for the taxable years 1965 through 1969 on the following dates: Year
Date Filed
1965
April 15, 1966
1966
April 15, 1967
1967
April 15, 1968
1968
May 28, 1969
1969
April 15, 1970
Badaracco Brothers and Company filed original forms 1065 for the taxable years 1965 through 1969 on the cash method of accounting on the same dates as the petitioners filed their individual returns. All of the original returns were timely filed except the returns for 1968. For purposes of these cases, petitioners have conceded the fraudulent nature of these original income tax returns and partnership information returns. On November 17, 1971, Ernest, Sr. and Ernest, Jr. were indicted on 15 counts under section 7206(1) [3] for filing false and fraudulent individual income and partnership tax returns for the years 1965 through 1969. They entered a plea of guilty to the charge of filing a false and fraudulent partnership tax return for the year 1967. The remaining counts of the indictment were dismissed. Petitioners Ernest, Sr. and Ernest, Jr. have conceded here that there was an underpayment of the tax required to be shown on their original returns for each of *345 the years 1965 through 1969 and that those underpayments were due to fraud within the meaning of section 6653(b). On August 17, 1971, petitioners filed nonfraudulent amended income tax returns and partnership information returns for each of the taxable years 1965 through 1969. The taxes reported on the amended returns were paid at the time the returns were filed and were timely assessed. Respondent issued his statutory notices of deficiency in each of these cases on November 21, 1977, more than six years after the filing of the nonfraudulent amended returns. The only issue for decision is whether the assessment and collection *346 of the fraud penalties under section 6653(b) for the years 1965 through 1969 is barred by the three-year statute of limitations in section 6501(a). [4] Section 6501 provides in pertinent part as follows: SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (a) General Rule.--Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed)… (c) Exceptions.-- (1) False Return.--In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, *347 or a proceeding in court for collection of such tax may be begun without assessment, at any time. [5]
Petitioners argue that their filing of nonfraudulent amended returns subsequent to their filing of fraudulent original returns renders the unlimited period for assessment in section 6501(c)(1) inapplicable and triggers the three-year period of limitations in section 6501(a). Respondent argues that the applicable period of limitations was determined by the nature of the fraudulent original returns *348 and was the unlimited period provided by section 6501(c)(1). In support, respondent contends that no language in section 6501 and no subsequent action by petitioners rendered section 6501(c)(1) inapplicable or served to bring section 6501(a) into operation. We recently decided this same question in the taxpayer's favor in a court reviewed decision that involved a factual situation almost identical to the one herein. Klemp v. Commissioner, 17 (August 5, 1981). Our decision in Klemp is dispositive of the issue in the present case. [6] Accordingly, we hold that the fraud penalties determined by respondent for the years 1965 through 1969 are barred by the three-year statute of limitations in section 6501(a). To reflect the concessions and the holding of the Court *349 Decisions will be entered in each docket for the respondent for the taxable year 1964 and for the petitioners for the taxable years 1965 through 1969. Footnotes
1. Since the petitioners in each docket paid the deficiencies for the years 1965 through 1969 when they filed their amended returns for those years, the statutory notices issued by respondent more than six years after the filing of the amended returns showed no deficiencies for those years. ↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years here involved.↩
3. SEC. 7206. FRAUD AND FALSE STATEMENTS. Any person who-- (1) Declaration Under Penalties of Perjury.--Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter; or shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $ 5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution.↩
4. Petitioners have conceded that the additions to the tax under section 6653(b) are in the amounts as set out in the statutory notices of deficiency in these cases. Therefore, there is no dispute as to the amounts of the fraud penalties, if assessment and collection is not barred. The additions to the tax for each of the taxable years 1965 through 1969 were calculated upon the underpayments shown on the amended returns, i.e↩. the difference between the tax shown on the original return and the amended return for each year.
5. Section 250(d) of the Revenue Act of 1921, ch. 136, 42 Stat. 265 for the first time provided for a period of limitations for assessment and collection of taxes. Section 250(d) required the Commissioner of Internal Revenue to determine and assess taxes within four years after a return was filed. With respect to a false or fraudulent return or a failure to file a required return, section 250(d) retained the prior unlimited period for determining and assessing taxes. Now of course the three-year period in section 6501(a) is the general rule and the unlimited period in the case of a false or fraudulent return in section 6501(c)(1) is referred to as an exception to the general rule.↩
6. While I still adhere to the views expressed in my dissenting opinion in Klemp, I of course accept the majority opinion as the law in this Court. In Klemp↩, the Court followed the decision of the 10th Circuit Court of Appeals in , revg. and remg. . Any appeal in the present case would lie to the Third Circuit.