**DELEET MERCHANDISING CORPORATION, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 80–0026.

United States District Court, D. New Jersey.

Dec. 22, 1981.

Fredericks & Messinger by Barry I. Fredericks, Hackensack, N. J., Goldschmidt, Fredericks & Oshatz by Edward Sussman, New York City, for plaintiff.

Stephen T. Lyons, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

CLARKSON S. FISHER, Chief Judge.

This is a motion for summary judgment brought by plaintiff, Deleet Merchandising Corporation, against defendant, the United States of America. For reasons stated herein, the motion is granted.

Plaintiff timely filed its 1967 and 1968 corporate income tax returns with the Internal Revenue Service and paid the tax shown to be due thereon. In August 1973, plaintiff filed amended income tax returns for 1967 and 1968 in which it requested a refund for 1967 and paid an additional tax due for 1968. In December 1979, the I.R.S. issued a statutory notice of deficiency to plaintiff stating that the claim for a refund for 1967 was disallowed and that there was a further tax deficiency for both years. Plaintiff then paid the asserted deficiencies and penalties and, in May 1980, filed a claim for a refund for those amounts on the ground that its amended returns were correct as filed.

Plaintiff also filed this action for a refund of the asserted deficiencies on the grounds that the I.R.S.' determination was improper, illegal and erroneous. Plaintiff now brings this motion for summary judgment pursuant to Fed.R.Civ.P. 56 alleging that the defendant is time-barred under 26 U.S.C. § 6501 which requires any tax to be assessed by the I.R.S. within three years after a return is filed. Defendant opposes the motion on the ground that this court lacks jurisdiction to hear the § 6501 statute-of-limitations issue.

■ Plaintiff alleged jurisdiction in its complaint under 28 U.S.C. § 1346(a)(1) which grants the district courts original jurisdiction of any civil action against the United States for the recovery of any tax or penalty alleged to have been erroneously or illegally assessed or collected. However, that statute is supplemented by 26 U.S.C. § 7422(a) which requires a taxpayer to file an administrative claim for a refund with the I.R.S. before a suit can be maintained in a district court. Treasury regulation 26 C.F.R. § 301.6402–2(b) further requires a claim for a refund to set forth in detail each ground upon which the refund is claimed. Thus, "[a] prerequisite of jurisdiction of the district court conferred by 28 U.S.C. § 1346(a)(1) is the filing of a claim for refund so that the Internal Revenue Service may first pass upon the validity of it. 26 U.S.C. § 7422(a)." *Miniature Vehicle Leasing Corp. v. United States*, 266 F.Supp. 697, 702 (D.N.J.1967). In addition, "[t]he law is well settled that a plaintiff in a tax refund suit may only recover upon the grounds specifically set forth in the [administrative] refund claim." *Spaeder v. United States*, 478 F.Supp. 73, 80 (W.D.Pa.1978).

Plaintiff in this case complied with the section 7422(a) requirement by filing an administrative claim for a refund; however, that claim merely alleged that plaintiff's amended tax returns for the years in question were correct as filed. Thus, the defendant bases its jurisdictional argument on the ground that plaintiff did not set forth the section 6501 statute-of-limitations issue in the claim for a refund. However,

plaintiff has cured the jurisdictional defect by recently filing an amended claim for a refund with the I.R.S., which includes the section 6501 issue. This amended claim was timely filed. 26 U.S.C. § 6511(a). Thus, defendant's jurisdictional argument is moot.

Plaintiff now seeks a summary judgment alleging that there are no genuine issues of material fact and that defendant is precluded from assessing the tax deficiency in question because the assessment was untimely. It is provided in 26 U.S.C. § 6501(a) that

> [e]xcept as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed). . . .

However, 26 U.S.C. § 6501(c)(1) states that ■n the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

■ Plaintiff now argues that its non-fraudulent amended returns, filed in 1973, triggered the 3-year statute-of-limitations period in section 6501(a). Defendant argues that plaintiff's original returns were fraudulent, thus allowing the I.R.S. to assess a tax "at any time" under section 6501(c)(1). Assuming for purposes of this motion that the original returns were indeed fraudulent, the issue is whether an original false or fraudulent return with the intent to evade tax allows the I.R.S. to assess the tax at any time regardless of any non-fraudulent amended return that is later filed.

This issue was decided in favor of the taxpayer in *Dowell v. C. I. R.*, 614 F.2d 1263 (10th Cir. 1980). In that case, the court characterized section 6501(c)(1) as "the antithesis of a limitations concept." 614 F.2d at 1265–1266. The filing of a fraudulent return does not start any limitations period running; rather, it simply allows the I.R.S. to assess the tax due at any time. The court noted that "[t]he purpose of § 6501(c)(1) is to provide the Government

time to unearth information the taxpayer did not furnish and to file an assessment." 614 F.2d at 1266. On the other hand, once the I.R.S. has the information from a non-fraudulent amended return, " 'there can be no policy in favor of permitting assessment thereafter at any time without limitation.' " *Id.* (citation omitted). Thus, the filing of a non-fraudulent amended return will start the running of the 3-year statute of limitations in section 6501(a). This reasoning was followed in *Klemp v. Commissioner,* 77 T.C. 201 (1981). See also *Badaracco v. Commissioner,* 42 T.C.M. 573 (1981).

Fed.R.Civ.P. 56(c) provides that summary judgment should be granted if "there is no genuine issue as to any material fact" and if "the moving party is entitled to a judgment as a matter of law." My examination of the pleadings, briefs and affidavits reveals that there are no genuine issues of material fact. Whether plaintiff's original returns were fraudulent is not a material issue of fact since it has no bearing on the outcome. In 1973 plaintiff filed non-fraudulent amended income tax returns for the 1967 and 1968 tax years. The 3-year statute of limitations in section 6501(a) began to run at this time. Thus, the I.R.S. assessment of a tax deficiency and penalties in 1979 was untimely. Accordingly, plaintiff's motion for summary judgment is granted. The order previously submitted by plaintiff is filed with this opinion.